**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BARRY KELLY; MOLLY KELLY, Plaintiffs, and GILBERT L. PURCELL, Counsel for Plaintiffs, Appellant, v. CRANE CO., Defendant-Appellee. | No.   15-16457 D.C. No. 3:11-cv-03240-VC MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted August 16, 2017[**]
San Francisco, California

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and WATTERS,[***] District Judge.

Attorney Gilbert Purcell appeals the district court's order imposing sanctions against him for conduct demonstrating bad faith. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

The district court correctly observed that: (1) the question whether chemotherapy exacerbated Barry Kelly's pre-existing kidney condition was contested at trial; (2) Purcell explicitly told the court that Dr. Horn would not testify that Kelly's "kidney problems were caused or exacerbated by the chemo" and conceded that such issue "wasn't evaluat[ed] in [Horn's] Rule 26 report"; and (3) Purcell then intentionally attempted to have Dr. Horn testify on this issue at trial.

The district court did not clearly err in determining that such conduct demonstrated that Purcell acted in bad faith by attempting to "sneak" in Dr. Horn's testimony. *See, e.g.*, *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (district court finding that attorney acted in bad faith reviewed for clear error); *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir.

---

[***] The Honorable Susan P. Watters, United States District Judge for the District of Montana, sitting by designation.

2

2000) (same); *see also Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) ("[B]ad

faith . . . includes a broad range of willful improper conduct.").

**AFFIRMED.**